

ORIGINAL

FILED

05/24/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: PR 06-0422

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### PR 06-0422

IN THE MATTER OF THE PETITION OF
MICHAEL D. RUSSELL

### ORDER

Michael D. Russell has petitioned for temporary admission to the practice of law in Montana. Russell has been hired as an Assistant Attorney General in the Agency Legal Services Bureau and will perform the duties of a law clerk until admitted. Russell is applying for admission on motion, and seeks temporary admission pending completion of that process.

However, we have routinely denied such petitions for temporary admission. *See Petition of Gosch*, 07-0303, March 7, 2016; *Petition of Longfield, 06-0422*, January 11, 2022. We have explained that the Court has made substantial revisions to the rules of admission over the past years to open and streamline the process of entering the practice of law in Montana by admission on motion or by transfer of UBE score. Those rules are now in effect and applicants are being processed routinely. The Court's intention was that the implementation of these rule revisions would eliminate the necessity for consideration of many of the ad hoc petitions for temporary admission or for waiver of admission requirements that were received in the past.

Granting temporary admission as a matter of course to lawyers intending to seek admission on motion or admission by UBE score transfer would burden the Court and Clerk of Court with duplicative consideration and processing of each applicant. Further, no system exists to formally monitor those who are admitted temporarily to ensure they are advancing their intention to be admitted on motion or have remained in the employment for which they sought admission. Because rules now exist for the expeditious admission of qualified candidates to the practice of law in Montana, we decline to pursue a practice of granting temporary admission to applicants who intend to seek admission thereunder.

As we stated in *Petition of Gosch*, "Temporary admission until sitting for the bar exam may be appropriate in circumstances where a candidate does not qualify for admission on motion or for transfer of a UBE score." While Russell notes that we granted temporary admission in *Petition of Schowengerdt*, 07-0303, admission was granted therein pending the petitioner's sitting for the bar exam, not for admission on motion.

Russell has also petitioned for waiver of the three-year test requirement for the Multistate Professional Responsibility Examination (MPRE). By rule, applicants for admission must provide evidence of the requisite score on an MPRE taken "within three years preceding the date of the application for admission." Rule IV.A.3, Rules of Admission. Russell passed the MPRE in 2012 when seeking admission to the practice of law in New Mexico. The petition states that Russell has been practicing law without "any disciplinary or ethical issues" since 2013. Therefore,

IT IS HEREBY ORDERED that the request for temporary admission to the practice of law is DENIED. The request for waiver of the three-year requirement for the MPRE is GRANTED.

The Clerk is directed to provide copies of this order to Petitioner and to the State Bar of Montana.

DATED this 24 day of May, 2022.

_____
Chief Justice

_____

_____

_____
Justices